IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NAUTILUS INSURANCE COMPANY
7233 E. Butherus Drive
Scottsdale, AZ 85260

      Plaintiff,

    v.

FANTASIA RESTAURANT AND
   LOUNGE, INC.
702 N. King Street
One Custom House, Suite 600
Wilmington, DE 19801

      Defendant.

CIVIL ACTION NO:

## COMPLAINT FOR DECLARATORY JUDGMENT

Nautilus Insurance Company, by and through its undersigned counsel of record, hereby files this Complaint for Declaratory Judgment, and in support thereof avers as follows:

## I.   THE PARTIES

1.   Plaintiff, Nautilus Insurance Company ("Nautilus"), is a corporation engaged in the business of insurance, which was organized under the laws of the State of Arizona, with a principal address at 7233 E. Butherus Drive, Scottsdale, Arizona 85260.

2.   Upon information and belief, defendant Fantasia Restaurant and Lounge, Inc. ("Fantasia Restaurant"), is a Delaware corporation which may be served through its registered agent, Darrell J. Baker, Esquire, 702 N. King Street, One Custom House, Suite 600, Wilmington, Delaware 19801.

## II.   JURISDICTION AND VENUE

3.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, because the citizenship of the parties is diverse and the amount in controversy

exceeds $75,000, exclusive of interest and costs.

4. Jurisdiction is also based upon the provisions of 28 U.S.C. § 2201, regarding the entry of a Declaratory Judgment.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because it is the judicial district in which a substantial part of the events giving rise to the claim occurred.

6. Fantasia Restaurant has demanded coverage under a policy of insurance issued by Nautilus, while Nautilus denies that such coverage is available. Thus, there exists a true case in controversy.

### III. THE UNDERLYING COMPLAINT

7. This declaratory judgment action arises out of a Civil Action filed in the Superior Court of New Castle County Delaware, captioned as follows, that asserts claims of responsibility for a fatal shooting incident that occurred on November 16, 2015:

> *L'Tanya Graham and Marlaine S. Wilson as next friend of Gabriel Nieem Wilson v. Delaware Golf and Travel, LLC d/b/a a Limited Liability Company and GoldClub Partners, Ltd., a Delaware corporation, PML Clubs, Inc., Micro Management Group, LLC, Jeffrey Lui and Fantasia Restaurant and Lounge, Inc.*, docket number N15C-12-245 CLS (the "Underlying Action").

A copy of the operative Third Amended Complaint in the Underlying Action (the "Underlying Complaint") is attached as *Exhibit A*.

8. The Underlying Complaint alleges that the defendants thereto, collectively owned and operated the Gold Club which is located at 1031 South Market Street, Wilmington, Delaware. *See* Exhibit A, ¶¶ 10, 12.

9. The Underlying Complaint further alleges that "Defendant Fantasia [Restaurant] is the management company for the property where Plaintiff was injured." *See* Exhibit A, ¶ 9.

10.     Plaintiffs in the Underlying Action further allege that, on November 15, 2015, Plaintiffs' decedent, William O. Brown, was a business invitee at the Gold Club when he was shot and killed in the bathroom. *See* Exhibit A, ¶¶ 10, 12.

11.     The Underlying Complaint alleges that the "intentional, willful and wanton, reckless and negligent conduct" of the underlying defendants, including Fantasia Restaurant, caused the death of Plaintiffs' decedent, William O' Brown. *See* Exhibit A, ¶ 13.

12.     In particular, the Underlying Complaint alleges that the underlying defendants' conduct includes: (1) failing to appropriately supervise, train and educate their employees, agents and/or servants; (2) failing to protect business invitees from harm; (3) permitting conditions to exist which led to the death of Plaintiffs' decedent; (4) failing to establish policies and procedures to safeguard the life, health and safety of business invitee; (5) failing to secure the premises; and (6) violating their own policy against allowing weapons into the club. *See* Exhibit A, ¶ 13.

13.     The Underlying Complaint also asserts claims for Wrongful Death against all of the underlying defendants, including Fantasia Restaurant. *See* Exhibit A, ¶¶ 34-37.

### IV.    THE POLICY

14.     Fantasia Restaurant has demanded coverage under Commercial Lines Policy number NN593941 issued by Nautilus, with limits of $1,000,000 for each occurrence, with a policy period from October 16, 2015 to October 16, 2016 (the "Policy"). A copy of the Policy is attached as *Exhibit B*.

15.     The named insureds on the Policy are Fantasia, Inc. ("Fantasia, Inc.") and Kent Manor, Inc. *See* Exhibit B.

16.     The Policy provides, in relevant part, that:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.
>
> \*   \*   \*
>
> (b) This insurance applies to "bodily injury" and "property damage" only if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>
> (2) The "bodily injury" or "property damage" occurs during the policy period; and
>
> (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

See Exhibit B, § I, Coverage A, (1)(a)-(b).

17. The Policy defines the term "insured" to include:

> Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

See Exhibit B, § II(2)(b).

18. The Policy further defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." See Exhibit B, § V(13).

19. The Policy also contains an exclusion for expected or intended injuries, as follows:

This insurance does not apply to:

a. **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

See Exhibit B, § II, Coverage A, (2)(a) (bold in original).

20. The Policy also contains a policy exclusion entitled "EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES" that provides:

The following exclusion is **added** to **2. Exclusions** of **Section I**:

This insurance does not apply to punitive or exemplary damages.

See Exhibit B (bold in original).

## COUNT I – DECLARATORY RELIEF

## NO COVERAGE FOR CLAIMS AGAINST FANTASIA RESTAURANT AND LOUNGE, INC.

21. Paragraphs 1 through 21 are incorporated herein by reference as though fully set forth at length.

22. Fantasia Restaurant does not qualify as an "insured" to whom Nautilus owes a defense and indemnification under the Policy.

23. Fantasia Restaurant is not a named insured as the Common Policy Declarations identify only Fantasia, Inc. and Kent Manor, Inc. as named insureds, neither of which are currently parties to the Underlying Action. See Exhibit A.

24. Nor does Fantasia Restaurant otherwise qualify as an insured under the Policy.

25. Fantasia Restaurant and Fantasia, Inc. are separate and distinct business entities that were independently incorporated pursuant to Delaware law. The Entity Details from the Delaware Department of State regarding Fantasia Restaurant and Fantasia, Inc. are attached as *Exhibit C*.

26. Moreover, while the allegation in the Underlying Complaint that Fantasia Restaurant "is the management company for the property where Plaintiff was injured" may potentially qualify Fantasia Restaurant as an "insured" under § II(2)(b) of the Policy, such allegation is factually incorrect.

27. Due solely to this allegation, and in an abundance of caution, Nautilus agreed to defend Fantasia Restaurant pursuant to a reservation of rights and pending the outcome of this action for declaratory judgment.

28. However, contrary to the allegation of the Underlying Complaint, it has become clear that Fantasia Restaurant only leased the premises at issue on October 8, 1999, from Kent Manor, Inc., for a term of twenty-five years. The lease is attached as *Exhibit D*.

29. Therefore, Fantasia Restaurant was merely the tenant of the premises at issue, not the property manager for either of the two named insureds, Fantasia, Inc. or Kent Manor, Inc.

30. There is no provision of the Policy which could reasonably be interpreted as to confer "insured" status upon a tenant of a named insured.

31. As a result, the Policy does not confer "insured" status to Fantasia Restaurant as a tenant of the named insured.

32. Because Fantasia Restaurant does not qualify as an "insured," Nautilus owes no duty to defend or indemnify it under the Policy.

33. Nautilus should also be permitted to withdraw from the defense of Fantasia

Restaurant.

**WHEREFORE**, Plaintiff, Nautilus Insurance Company, respectfully requests that this Honorable Court enter a judgment in its favor declaring that it owes no duty under the Policy to defend or indemnify Defendant, Fantasia Restaurant and Lounge, Inc., with respect to the Underlying Action and that it is permitted to withdraw from the defense of Fantasia Restaurant and Lounge, Inc.

## COUNT II – DECLARATORY RELIEF
### NO COVERAGE FOR CLAIMS FOR INTENTIONAL, WILLFUL AND WANTON CONDUCT

34. Paragraphs 1 through 33 are incorporated herein by reference as though fully set forth at length.

35. To the extent that it is ultimately determined that Fantasia Restaurant does qualify as an "insured" under the Policy, Nautilus has no duty to indemnify it for claims of intentional, willful and wanton conduct in the Underlying Action.

36. The Underlying Complaint alleges that the injuries sustained by Plaintiffs' Decedent resulted, in part, from the intentional, willful or wanton conduct on the part of Fantasia Restaurant. *See* Exhibit A, ¶¶ 13, 35.

37. However, the Policy only affords coverage for bodily injury or property damage arising out of an "occurrence," *i.e.*, an accident. *See* Exhibit B, § I, Coverage A, (1)(a)-(b) and § V(13).

38. The term "accident" excludes intentional acts, and has been defined under Delaware law to include only events that are unforeseen by the victim and unintended by the insured.

39. Therefore, the limitation of coverage solely to claims for bodily injury and property damage arising out of an "occurrence," precludes coverage under the Policy for intentional, willful and wanton conduct.

40. The Policy also contains an express exclusion with precludes coverage for bodily injury that is "expected or intended from the standpoint of the insured." *See* Exhibit B, § II, Coverage A, (2)(a).

41. As a result, Fantasia Restaurant is not entitled to coverage for the claims of intentional, willful and wanton conduct set forth in the Underlying Complaint.

42. Therefore, Nautilus owes no duty to indemnify Fantasia Restaurant for claims arising out of its intentional, willful and wanton conduct.

**WHEREFORE**, Plaintiff, Nautilus Insurance Company, respectfully requests that this Honorable Court enter a judgment in its favor declaring that it owes no duty under the Policy to indemnify Defendant, Fantasia Restaurant and Lounge, Inc., for any liability in the Underlying Action arising out of its intentional, willful and wanton conduct.

## COUNT III – DECLARATORY RELIEF
## NO COVERAGE FOR PUNITIVE DAMAGES

43. Paragraphs 1 through 42 are incorporated herein by reference as though fully set forth at length.

44. To the extent that it is ultimately determined that Fantasia Restaurant does qualify as an "insured" under the Policy, Nautilus has no duty to indemnify it for an award of punitive damages in the Underlying Action.

45. The Policy contains an express exclusion that precludes coverage for punitive or exemplary damages. *See* Exhibit B, EXCLUSION – PUNITIVE OR EXEMPLARY

DAMAGES.

46. Such policy provisions excluding coverage for punitive damages are valid and enforceable under Delaware law.

47. Therefore, Nautilus owes no duty under the Policy to indemnify Fantasia Restaurant for an award of punitive damages against it in the Underlying Action.

**WHEREFORE,** Plaintiff, Nautilus Insurance Company, respectfully requests that this Honorable Court enter a judgment in its favor declaring that it owes no duty under the Policy to indemnify Defendant, Fantasia Restaurant and Lounge, Inc., for any award of punitive damages against it in the Underlying Action.

Respectfully submitted,

REGER RIZZO & DARNALL LLP

/s/ Louis J. Rizzo, Jr., Esquire
Brandywine Plaza East
1523 Concord Pike, Suite 200
Wilmington, DE  19803
Phone: (302) 477-7100/Fax: (302) 652-3620
LRizzo@regerlaw.com
Attorney for Plaintiff
Nautilus Insurance Company

OF COUNSEL:

DEASEY, MAHONEY & VALENTINI, LTD.

FRANCIS J. DEASEY
CHRISTOPHER C. NEGRETE
*Attorneys for Plaintiff,*
*Nautilus Insurance Company*
1601 Market Street, Suite 3400
Philadelphia, PA 19103
215-587-9400
fdeasey@dmvlawfirm.com
cnegrete@dmvlawfirm.com

Dated:  September 21, 2017