IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NAUTILUS INSURANCE COMPANY
Plaintiff,

v.

FANTASIA RESTAURANT AND
LOUNGE, INC. and KENT MANOR, INC.
Defendants.

CIVIL ACTION NO: 17-1336 JEJ

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Nautilus Insurance Company, by and through its undersigned counsel of record, hereby files an Amended Complaint for Declaratory Judgment, and in support thereof avers as follows:

## I. THE PARTIES

1. Plaintiff, Nautilus Insurance Company ("Nautilus"), is a corporation engaged in the business of insurance, which was organized under the laws of the State of Arizona, with a principal address at 7233 E. Butherus Drive, Scottsdale, Arizona 85260.

2. Upon information and belief, Defendant Fantasia Restaurant and Lounge, Inc. ("Fantasia Restaurant"), is a Delaware corporation which may be served through its registered agent, Darrell J. Baker, Esquire, 702 N. King Street, One Custom House, Suite 600, Wilmington, Delaware 19801.

3. Upon information and belief, Defendant Kent Manor, Inc. ("Kent Manor"), is a Delaware corporation which may be served through its registered agent, Darrell J. Baker, Esquire, 702 N. King Street, One Custom House, Suite 600, Wilmington, Delaware 19801.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1332, because the citizenship of the parties is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Jurisdiction is also based upon the provisions of 28 U.S.C. § 2201, regarding the entry of a Declaratory Judgment.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because it is the judicial district in which a substantial part of the events giving rise to the claim occurred.

7. Fantasia Restaurant and Kent Manor have demanded coverage under a policy of insurance issued by Nautilus. Nautilus denies that such coverage is available to Fantasia Restaurant, but states that if there is coverage for Fantasia Restaurant, it is limited. Further, Nautilus takes the position that coverage for Kent Manor is limited. Thus, there exists a true case in controversy.

### III. THE UNDERLYING COMPLAINTS

8. This declaratory judgment action arises out of two civil actions, both filed in the Superior Court of New Castle County Delaware, and both of which assert claims of responsibility for a fatal shooting incident that occurred on November 16, 2015.

9. The first-filed action is captioned "L'TANYA GRAHAM and MARLAINE S. WILSON as next friend of GABRIEL NIEEM WILSON v. DELAWARE GOLF AND TRAVEL, LLC d/b/a a Limited Liability Company [sic] and GOLDCLUB PARTNERS, LTD., a Delaware Corporation, PML CLUBS, INC., MICRO MANAGEMENT GROUP, LLC, JEFFREY LUI, FANTASIA RESTAURANT AND LOUNGE, INC. and KENT MANOR, INC.," docket number N15C-12-245 CLS (the "Graham Action").

10. A copy of the operative complaint in the Graham Action, which is the Fourth Amended Complaint filed on November 15, 2017 ("the Graham Complaint") is attached as

Exhibit A.

11. The second-filed action is captioned "LAPORSHA SHAW, As the mother and next friend of minor child DeMARIA N. BROWN, and as the mother and next friend of minor child ALEXIS PARKER v. DELAWARE GOLF AND TRAVEL, LLC, a Limited Liability Company d/b/a GOLDCLUB PARTNERS, LTD., a Delaware Corporation, MICHAEL ROSE, PML CLUBS, INC., a Delaware Corporation, MICRO MANAGEMENT GROUP, LLC, and JEFFREY LUI and FANTASIA RESTAURANT AND LOUNGE, INC., docket number N16C-08-131 CLS (the "Shaw Action").

12. A copy of the operative complaint in the Shaw Action, which is the Amended Complaint filed on July 28, 2017 ("the Shaw Complaint") is attached as Exhibit B.

13. Plaintiffs in the Graham and Shaw actions allege that, on November 15, 2015, Plaintiffs' decedent, William O. Brown, was a business invitee in the Gold Club when he was shot and killed. *See* Exhibit A, ¶ 11 and Exhibit B, ¶13.

14. Plaintiffs in the Graham action allege, in the Graham Complaint, that PML Clubs, Inc. owned the Gold Club, that Jeffrey Lui is the owner/manager of the Gold Club, that Kent Manor owned the property on which the Gold Club operated, that Mr. Brown was a business invitee of Delaware Golf and Travel, LLC, d/b/a GoldClub Partners, LTD, Kent Manor, PML Clubs, Inc., Micro Management Group, LLC and Fantasia, and that Delaware Gold and Travel LLC had control of both the premises on which the Gold Club business operated and the business of the Gold Club. *See* Exhibit A, ¶¶5, 8, 9, 11, and 13.

15. Plaintiffs in the Shaw action allege, in the Shaw Complaint, that Goldclub Partners, Ltd., Michael Rose, PML Clubs, Inc., Fantasia, and Jeffrey Lui owned and operated the Gold Club business, that Fantasia also is "the management" of the Gold Club business, and that

3

all defendants to the Shaw action had control of the premises on which the Gold Club business operated. *See* Exhibit B, ¶¶7, 8, 9, 11, 12 and 17.

16. The Graham Plaintiffs further allege in the Graham Complaint that "Defendant Fantasia [Restaurant] is the management company for the property where Plaintiff was injured." *See* Exhibit A, ¶ 9.

17. By way of contrast, LaPorsha Shaw alleges in the Shaw Complaint that Defendant Fantasia Restaurant is the "management" of the Gold Club. *See* Exhibit B, ¶11.

18. The Plaintiffs in the Graham and Shaw actions allege in their complaints that the "intentional, willful and wanton, reckless and negligent conduct" of the defendants to their respective actions caused the death of Plaintiffs' decedent, William O. Brown. *See* Exhibit A, ¶ 13, Exhibit B, 18.

19. In particular, the Plaintiffs in the Graham and Shaw actions allege in their complaints that the conduct of the defendants to their respective actions includes: (1) failing to appropriately supervise, train and educate their employees, agents and/or servants; (2) failing to protect business invitees from harm; (3) permitting conditions to exist which led to the death of Plaintiffs' decedent; (4) failing to establish policies and procedures to safeguard the life, health and safety of business invitee; (5) failing to secure the premises; and (6) violating their own policy against allowing weapons into the club. *See* Exhibit A, ¶ 14, Exhibit B, 18.

20. The Plaintiffs in the Graham and Shaw actions also assert in their complaints claims for Wrongful Death. *See* Exhibit A, ¶¶16-42, Exhibit B, ¶¶20-25.

21. Further, LaPorsha Shaw in her complaint asserts a Survival Action against all of the defendants to the Shaw Action, *see* B, ¶¶ 26-29.

## IV.   THE POLICY

22.   Fantasia Restaurant has demanded coverage for both the Graham Action and the Shaw Action under Commercial Lines Policy number NN593941 issued by Nautilus, with limits of $1,000,000 for each occurrence, with a policy period from October 16, 2015 to October 16, 2016 (the "Policy"). A copy of the Policy is attached as Exhibit C.

23.   Kent Manor, Inc. seeks coverage for the Graham Action, also under the Policy.

24.   The named insureds on the Policy are Fantasia, Inc. ("Fantasia, Inc.") and Kent Manor, Inc. *See* Exhibit C.

25.   The Policy provides, in relevant part, that:

*We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.*

\*   \*   \*

*(b)   This insurance applies to "bodily injury" and "property damage" only if:*
  *(1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and*
  *(2)   The "bodily injury" or "property damage" occurs during the policy period; and*
  *(3)   Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.*

5

*See* Exhibit C, § I, Coverage A, (1)(a)-(b).

26. The Policy defines the term "insured" to include:

> *Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.*

*See* Exhibit C, § II(2)(b).

27. The Policy further defines *"occurrence"* as *"an accident, including continuous or repeated exposure to substantially the same general harmful conditions."* *See* Exhibit C, § V(13).

28. The Policy also contains an exclusion for expected or intended injuries, as follows:

> *This insurance does not apply to:*
> ***a.*** **Expected Or Intended Injury**
> *"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

*See* Exhibit C, § II, Coverage A, (2)(a) (bold in original).

29. The Policy also contains a policy exclusion entitled "EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES" that provides:

> *The following exclusion is **added** to **2. Exclusions** of **Section I**:*
> *This insurance does not apply to punitive or exemplary damages.*

*See* Exhibit C (bold in original).

## COUNT I – DECLARATORY RELIEF

### NO COVERAGE FOR CLAIMS AGAINST FANTASIA RESTAURANT AND LOUNGE, INC.

30. The preceding paragraphs are incorporated herein by reference as though fully set forth at length.

6

31. Fantasia Restaurant does not qualify as an "insured" to whom Nautilus owes a defense and indemnification under the Policy.

32. Fantasia Restaurant is not a named insured on the Policy, as the Common Policy Declarations to the Policy identify only Fantasia, Inc. and Kent Manor, Inc. as named insureds. *See* Exhibit C.

33. Nor does Fantasia Restaurant otherwise qualify as an insured under the Policy.

34. Fantasia Restaurant and Fantasia, Inc. are separate and distinct business entities that were independently incorporated pursuant to Delaware law. The Entity Details from the Delaware Department of State regarding Fantasia Restaurant and Fantasia, Inc. are attached as Exhibit D.

35. Moreover, while the allegation in the Graham Complaint that Fantasia Restaurant "is the management company for the property where Plaintiff was injured" may potentially qualify Fantasia Restaurant as an "insured" under § II(2)(b) of the Policy, such allegation is factually incorrect.

36. Due solely to this allegation in the Graham Complaint, and in an abundance of caution, Nautilus agreed to defend Fantasia Restaurant in the Graham action pursuant to a reservation of rights and pending the outcome of this action for declaratory judgment.

37. However, contrary to this allegation in the Graham Complaint, it has become clear that Fantasia Restaurant only leased the premises at issue on October 8, 1999, from Kent Manor, Inc., for a term of twenty-five years. The lease is attached as Exhibit E.

38. Therefore, Fantasia Restaurant was merely the tenant of the premises at issue, not the property manager for either of the two named insureds, Fantasia, Inc. or Kent Manor, Inc.

39. There is no provision of the Policy which could reasonably be interpreted as to

confer "insured" status upon a tenant of a named insured.

40. As a result, the Policy does not confer "insured" status to Fantasia Restaurant as a tenant of the named insured.

41. Because Fantasia Restaurant does not qualify as an "insured," Nautilus owes no duty to defend or indemnify it under the Policy for the allegations in the Graham Action.

42. There is no allegation of property management in the Shaw Action, and thus no legal or equitable basis for Nautilus to provide even a defense to Fantasia Restaurant for the allegations in the Shaw Action. Nevertheless, Nautilus agreed to defend Fantasia Restaurant in the Shaw Action pursuant to a reservation of rights and pending the outcome of this action for declaratory judgment.

43. Nautilus should be permitted to withdraw from the defense of Fantasia Restaurant in both the Graham Action and the Shaw Action.

**WHEREFORE**, Plaintiff, Nautilus Insurance Company, respectfully requests that this Honorable Court enter a judgment in its favor declaring that it owes no duty under the Policy to defend or indemnify Defendant, Fantasia Restaurant and Lounge, Inc., with respect to the Graham Action or the Shaw Action and that it is permitted to withdraw from the defense of Fantasia Restaurant and Lounge, Inc. in both actions

## COUNT II – DECLARATORY RELIEF

### NO COVERAGE FOR CLAIMS FOR INTENTIONAL, WILLFUL AND WANTON CONDUCT

44. The preceding paragraphs are incorporated herein by reference as though fully set forth at length.

45. To the extent that it is ultimately determined that Fantasia Restaurant does qualify

as an "insured" under the Policy, Nautilus has no duty to indemnify it for claims of intentional, willful and wanton conduct in the Graham or Shaw actions. Nor does Nautilus have a duty to indemnify Kent Manor for claims of intentional, willful and wanton conduct in the Graham or Shaw actions.

46. The Graham and Shaw Complaints allege that the injuries sustained by Plaintiffs' Decedent resulted, in part, from the intentional, willful or wanton conduct on the part of Fantasia Restaurant. Further, the Graham Complaint alleges that the injuries sustained by Plaintiffs' Decedent resulted, in part, from the intentional, willful or wanton conduct on the part of Kent Manor. *See* Exhibit A, ¶¶ 14, 15, 36 and 40, and Exhibit B, ¶¶ 18, 19, and 24.

47. However, the Policy only affords coverage for bodily injury or property damage arising out of an "occurrence," *i.e.*, an accident. *See* Exhibit C, § I, Coverage A, (1)(a)-(b) and § V(13).

48. The term "accident" excludes intentional acts, and has been defined to include only events that are unforeseen by the victim and unintended by the insured.

49. Therefore, the limitation of coverage solely to claims for bodily injury and property damage arising out of an "occurrence," precludes coverage under the Policy for intentional, willful and wanton conduct.

40. The Policy also contains an express exclusion which precludes coverage for bodily injury that is "expected or intended from the standpoint of the insured." *See* Exhibit C, § II, Coverage A, (2)(a).

50. As a result, Fantasia Restaurant is not entitled to coverage for the claims of intentional, willful and wanton conduct set forth in the Graham and Shaw Complaints, nor is Kent Manor entitled to coverage for the claims of intentional, willful and wanton conduct set

forth in the Graham Complaint.

51. Therefore, Nautilus owes no duty to indemnify Fantasia Restaurant or Kent Manor for claims arising out of intentional, willful and wanton conduct.

**WHEREFORE,** Plaintiff, Nautilus Insurance Company, respectfully requests that this Honorable Court enter a judgment in its favor declaring that it owes no duty under the Policy to indemnify Defendant, Fantasia Restaurant and Lounge, Inc. or Kent Manor, Inc., for any liability in the Graham Action or the Shaw Action arising out of intentional, willful and wanton conduct.

## COUNT III – DECLARATORY RELIEF
## NO COVERAGE FOR PUNITIVE DAMAGES

52. The preceding paragraphs are incorporated herein by reference as though fully set forth at length.

53. To the extent that it is ultimately determined that Fantasia Restaurant does qualify as an "insured" under the Policy for the allegations in the Graham and Shaw Complaints, Nautilus has no duty to indemnify it for an award of punitive damages in either the Graham action or the Shaw action. Nor does Nautilus have a duty to indemnify Kent Manor for an award of punitive damages in the Graham action.

54. The Policy contains an express exclusion that precludes coverage for punitive or exemplary damages. *See* Exhibit C, EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES.

55. Such policy provisions excluding coverage for punitive damages are valid and enforceable under applicable law.

56. Therefore, Nautilus owes no duty under the Policy to indemnify Fantasia

Restaurant or Kent Manor, Inc. for an award of punitive damages against them in the Graham action or the Shaw action.

**WHEREFORE**, Plaintiff, Nautilus Insurance Company, respectfully requests that this Honorable Court enter a judgment in its favor declaring that it owes no duty under the Policy to indemnify Defendants, Fantasia Restaurant and Lounge, Inc. or Kent Manor, Inc., for any award of punitive damages against them in either the Graham Action or the Shaw Action.

Respectfully submitted,

**REGER, RIZZO & DARNALL LLP**

BY: /s/ *Louis J. Rizzo, Jr., Esquire*
**Louis J. Rizzo, Jr., Esquire (#3374)**
Brandywine Plaza East
1523 Concord Pike, #200
Wilmington, DE 19803
302-477-7100
lrizzo@regerlaw.com

**Francis J. Deasey, Esquire**
Deasey Mahoney & Valentini, LTD.
1601 Market Street, Suite 3400
Philadelphia, PA 19103
215-587-9400
fdeasey@cmvlawfirm.com

*Attorneys for Plaintiff,*
*Nautilus Insurance Company*

Dated: December 7, 2017